**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH BARKER, | No. 17-16856 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05647-WHA |
| v. | |
| AMERICAN EXPRESS COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted April 11, 2018**

Before: SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Kenneth Barker appeals pro se from the district court's summary judgment

in his diversity action alleging various fraud and tort claims. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Gorman v. Wolpoff & Abramson,*

*LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Barker failed to raise a genuine dispute of material fact as to whether defendant had any involvement in the alleged misconduct. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Barker's contentions that the district court resolved disputed facts or was biased against him.

**AFFIRMED.**